# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 1151 | DATE | 3/29/2001 |
| CASE TITLE | Zamora v. Pierson | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Respondent's Motion to Dismiss (doc. #24)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial [set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Respondent's motion to dismiss the petition for habeas corpus relief (doc. #24) is GRANTED.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | MAR 3 0 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**DOCKETED**
**MAR 3 0 2001**

OMAR ZAMORA,

    Petitioner,

vs.

MARK A. PIERSON,

    Respondent.

CASE NO: 00 C 1151

JUDGE WILLIAM J. HIBBLER

## MEMORANDUM AND ORDER

Omar Zamora has filed a Petition for Habeas Corpus pursuant to Title 28 U.S.C. § 2254(a), or alternatively the All Writs Act Pursuant to Title 28 U.S.C. § 1651(a). Respondent has filed a motion to dismiss (doc. #24) on the grounds Petitioner's claims are non-cognizable for federal habeas corpus review or are procedurally defaulted. For the reasons stated herein, Respondent's motion to dismiss is GRANTED.

## FACTS & PROCEDURAL HISTORY

In 1994, following a jury trial, Petitioner Omar Zamora, was convicted of possession of more than 900 grams of cocaine with the intent to deliver and sentenced to twenty-eight years in prison. Petitioner appealed his conviction and sentence to the Illinois Appellate Court, First District (Case No. 1-94-1469) and raised the following claims (Resp't Ex. B at 3):

    (1)    Trial court abused its discretion in sentencing Petitioner to twenty-eight years in the Department of Corrections for possession of a controlled substance with the intent to deliver.

    (2)    The mittimus should be corrected to strike the conviction for armed violence which the state *nolle prossed* prior to trial.

On October 23, 1995, the Illinois Appellate Court, First District affirmed the sentence and



conviction on direct appeal and ordered that the mittimus be corrected to reflect Petitioner was not convicted of armed violence. *People v. Zamora*, No. 1-94-1469 (1995)(unpublished order under Illinois Supreme Court Rule 23)(Resp't Ex. C). Petitioner subsequently filed a Petition for Leave to Appeal in the Illinois Supreme Court on June 4, 1996. He claimed a failure to remand Petitioner because his sentence was excessive. (Case No. 81147)(Resp't Ex. D). On May 8, 1997, the Illinois Supreme Court denied the Petition for Leave to Appeal. (Resp't Ex. E).

On July 18, 1997, Petitioner then filed a post-conviction petition in the Circuit Court of Cook County, which was subsequently dismissed as "frivolous and patently without merit." Petitioner appealed dismissal of the post-conviction petition and raised the following claims (Resp't Ex. F):

(1)     The court erred by not ordering further proceedings under the post-conviction hearing act to determine whether the trial court deprived the petitioner of his right to due process by commencing the trial without an interpreter, which made Petitioner effectively absent during jury selection and denied him his constitutional rights to a fair trial and an impartial jury.

(2)     The court erred when it failed to address the Petitioner's claim that his right to effective assistance of counsel were violated at trial.

(3)     The court erred by not ordering further proceedings to determine whether the petitioner was denied effective assistance of appellate counsel and due process

(4)     The court violated the Petitioner's right to due process when it failed to consider his motion for an extension of time to file an addendum to his post-conviction petition.

On March 29, 1999, the Appellate Court affirmed the trial court's judgment. (Resp't Ex. G).

Accordingly, Petitioner filed a Petition for Leave to the Illinois Supreme Court (Case No. 85755) and raised the following claims (Resp't Ex. H):

(1)     The court erred by not ordering further proceedings under the post-conviction hearing act to determine whether the trial court deprived Petitioner of his rights to due process by commencing the trial without an interpreter which made Petitioner effectively absent during jury selection and denied him his constitutional rights to a fair trial and an impartial jury.

(2) The court erred when it failed to address Petitioner's claim that his right to effective assistance of counsel and due process were violated at trial.

(3) The court erred by not ordering further proceedings to determine whether Petitioner was denied effective assistance of appellate counsel and due process.

(4) The court violated Petitioner's right to due process when it failed to consider his motion for an extension of time to file an addendum to his post-conviction petition.

The Illinois Supreme Court denied the Petition to Leave to Appeal. (Resp't Ex. I).

On April 20, 2000, Petitioner filed the instant Petition for Writ of Habeas Corpus. Petitioner raises the following claims in his petition:

(1) Ineffective assistance of counsel;
(2) Ineffective assistance of appellate counsel;
(3) Failure to hold an evidentiary hearing;
(4) Denial of an interpreter by trial court during the jury selection;
(5) Petitioner's due process rights were violated by not allowing Petitioner an extension to file an addendum;
(6) Denial of fair and impartial jury.

## STANDARD

On a motion to dismiss, the court accepts all well pleaded factual allegations as true, as well as all reasonable inferences drawn from these allegations. *Mid-America Title Co. v. Kirk*, 991 F.2d 417, 419 (7th Cir. 1993). Federal courts simply require notice pleading, and pleadings must be liberally construed. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1993). Because the petitioners allegations are taken as true, the respondent must meet a high standard in order to have the petition dismissed for failure to state a claim upon which relief may be granted. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The allegations of the petition should not be dismissed for failure to state a claim unless it appears beyond doubt that the Petitioner can prove no set of facts in support of his claim which

would entitle him to relief. *Id.*

## ANALYSIS

Federal habeas corpus relief is granted only to persons who can establish that their incarceration violates the Constitution, law or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 67-78 (1991); *Haas v. Abrahmson*, 910 F.2d 384, 389 (7th Cir. 1990). Claims that a state court erred in applying its own laws are non-cognizable for habeas corpus review. *See Smith v. Phillips*, 455 U.S. 209, 221 (1982); *Jones v. Thieret*, 846 F.2d 457, 459-61 (7th Cir. 1988); *Myles v. Hartwig*, No. 97 C 3985, 1999 WL 1009850 (N.D. Ill. Oct. 18, 1999).

### A. Non-Cognizable Claims

Respondent moves that Petitioner's third claim - failure to hold an evidentiary hearing - is non-cognizable and thus barred from federal habeas corpus review. (Resp. Mot. to Dismiss at 5). Specifically, Respondent claims the court made the required evidentiary finding before dismissing the petition, and the dismissal was a discretionary application of state law in a post-conviction proceeding. *Id.*

The constitution does not require a state to provide a post-conviction proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 556 (1987). States have no obligation to provide this avenue of relief. *U.S. v. MacCollom*, 426 U.S. 317, 323 (1976). Moreover, a State may curtail or even abolish collateral review as it pleases, without violating due process. *Liegakos v. Cooke*, 106 F.3d 1381, 1384 (7th Cir. 1997). Under the Illinois Post-Conviction Hearing Act, a court may summarily dismiss a petition prior to a hearing if the trial court determines the petition is "frivolous or... patently without merit." 725 Ill. Comp. Stat. 5/122-2 (2000). As long as the fundamental requirements of due process are met, the Constitution does not require additional due process rights

in a post-conviction hearing. *Hartwig,* 1999 WL 1009850, at *4.

In addition, the burden for a habeas petitioner seeking review of a state court evidentiary ruling is a high one. " Federal review of state evidentiary rulings under § 2254 is limited to where error results in a denial of a specific constitutional right." *McDaniel. v. Cooper,* No. 97 C 3221, 1998 WL 673827, at *8 (N.D.Ill. Sept. 23, 1998). Erroneous evidentiary rulings are normally not cognizable for habeas review, unless the ruling compromised a fair trial. *Jackson v. Page,* 972 F. Supp. 1140, 1151 (N.D.Ill. 1997).

Here, the trial court offered a full evidentiary hearing consistent with due process. Petitioner's claim, though, is focused on the denial of an evidentiary hearing during the post-conviction proceedings. Under these circumstances the petitioner did not have a constitutional right to the hearing. Furthermore, the ruling did not influence the fairness of the trial. The decision to deny the post-conviction evidentiary hearing was a discretionary application of state law, which was rendered during a discretionary state proceeding. Absent a violation of an independent constitutional right, the claim does not have a basis under the United States Constitution, and, accordingly, the Petitioner has failed to state a claim for which relief can be granted. Respondent's motion, with respect to Petitioner's third claim, is granted.

Second, Respondent moves that Petitioner 's fifth claim, i.e. Petitioner's due process rights were violated by not allowing Petitioner an extension to file an addendum, is also not cognizant for habeas review. Respondent claims the lower court properly applied state law in dismissing Petitioner's post-conviction petition.

Federal habeas corpus cannot remedy an error in a state collateral proceeding where the error has nothing to do with the reason for a defendant's confinement. *Jackson v. Duckworth,* 112 F.3d

878, 879 (7th Cir. 1997). Infirmities in the state's post-conviction remedy procedure cannot serve as a basis for the setting aside of a valid original conviction. *Hanna v. Welborn,* No. 85 C 8316, 1986 WL 7691, at *5 (N.D.Ill. Jun. 25, 1986). Therefore, errors or defects in the state post-conviction proceedings do not raise constitutional questions cognizable in habeas corpus proceedings. *Id.*

Here, Petitioner claims he was not provided minimum legal assistance necessary for preparation of his addendum to his post-conviction petition. (Pet. Resp. at 4.) Petitioner's characterization of his claim as a due process violation may appear, at first glance, to raise an issue cognizable for habeas review. He pleads he was not given sufficient access to the library to prepare his addendum. Prisoners are entitled to a meaningful access to the courts. *Brooks v. Buscher,* 62 F.3d 176, 178 (7th Cir. 1995). Although it is well established that prisoners do not have a constitutional right to counsel in pursuing a post-conviction discretionary appeal, prisoners must receive sufficient access to prison libraries which will enable them to research law and to determine what facts may be necessary to state a cause of action. *Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990 (1987) Therefore, Respondent appears to have plead enough to overcome the standard for a motion to dismiss.

However, the alleged due process deprivations do not in any way undermine Petitioner's conviction or sentence or allege he is in custody in violation of the Constitution or law or treaties of the United States. Even if there may be some error in the state post-conviction proceedings, this would not entitle appellant to federal habeas corpus relief; appellants claims here represent an attack on a proceeding collateral to detention of appellant and not on the detention itself. Hence, it is not a claim under habeas corpus; rather, "access to courts" claims are 42 U.S.C. § 1983 claims. Accordingly, Respondents motion to dismiss regarding Petitioner's fifth claim is Granted.

**B. Procedural Default**

A habeas petitioner must survive procedural default before a federal court may address the merits of the habeas petition. *Coleman v. Thompson,* 501 U.S. 722, 729-730 (1991); *Bocian v. Godinez,* 101 F.3d 465, 468 (7th Cir. 1996). Procedural default may occur in two ways. First, petitioner may fail to raise an issue on direct or post-conviction review. States must have a fair opportunity to consider constitutional objections to state criminal convictions before a federal court assumes intrusive power to nullify those convictions on constitutional grounds. *Coleman v. Page,* 905 F.Supp. 548, 552 (N.D.Ill. 1995). Therefore, a petitioner forfeits the right to raise an issue he failed to raise on direct appeal or on appeal to the state's highest court. *Id.* Further, once a petitioner files a post-conviction petition raising claims not yet heard by all the states courts, the petitioner must take those claims to the highest state court. *Id..* Second, the state court may dispose of a claim on an independent and adequate state law ground. *Pertz v. Carter,* No. 97 C 2066, 1998 WL 42273, at *2 (N.D.Ill. Jan. 29, 1998). The explicit finding of a state law procedural default prevents habeas review because it constitutes an "independent and adequate state ground" for the result reached. *Rivera v. Lane,* No. 90 C 1474, 1990 WL 133500, at *4 (N.D.Ill. Sept. 11, 1990).

If a claim is procedurally defaulted, petitioner may be granted a writ on the claim only if petitioner presents cause sufficient to excuse the procedural default and actual prejudice resulting from a failure to obtain review of the merits. *Carter,* 1998 WL 42273, at *2. In the alternative, Petitioner may show that review of the claim is necessary to correct a fundamental miscarriage of justice. *Id.* A fundamental miscarriage of justice is established by demonstrating it is more likely than not that no reasonable juror would have convicted petitioner in light of new evidence. *Id.*

Here, the remaining claims are procedurally defaulted. First, on his appeal of dismissal for

post-conviction relief, Petitioner contended in claim one that the trial counsel was ineffective for failing to object when trial court commenced jury selection without an interpreter and in claim two that the appellate counsel was ineffective for failing to raise the issue on appeal. (Resp't Ex. G at 3.). For the first time, Petitioner contended the absence of an interpreter during the jury selection prejudiced him. *Id.* Accordingly, the Appellate Court concluded Petitioner had waived consideration of this issue because he did not raise it in his post-conviction petition or on direct appeal. *Id.* The Appellate court decision constituted an "independent and adequate state ground"; therefore, Petitioner's claims one, two and three are barred for habeas review.

Second, Petitioner's final claim, claim six (denial of a fair and impartial jury), is procedurally defaulted because Petitioner failed to raise this as an independent issue on appeal of his post-conviction petition. (Resp't Ex. G). This claim is derived from the lack of the interpreter, rather than a claim of bias or prejudice from the jury itself. Consequently, this claim has no basis to stand without the "failure to provide an interpreter" claim. Although a habeas petitioner can potentially bypass the state procedural default by showing cause and prejudice, or in the alternative, a fundamental miscarriage of justice, Petitioner has not plead any new evidence that would demonstrate it is more likely than not that a reasonable juror, in light of the new evidence, could not convict the Petitioner. Accordingly, claim six is dismissed.

## CONCLUSION

For the reasons set forth above, this Court GRANTS Respondent's Motion to Dismiss.

**Date:** March 29, 2001

_____
WILLIAM J. HIBBLER, DISTRICT JUDGE